FRANK STRATTON, ADMINISTRATOR, v. O. C. TAR-
PENNING.

FILED MAY 15, 1894.    No. 5427.

**Trusts:** ACTION AGAINST TRUSTEE: PLEADING. In an action at
law against an alleged trustee, for interest and profits derived
from depositing in a bank in his own name money intrusted to
him for safe keeping only, *held*, that the failure to charge that
any specified amount of interest or profit had in fact accrued to
the alleged trustee by reason of such deposit rendered the peti-
tion demurrable, for the reason that no cause of action was
therein stated.

ERROR from the district court of Saunders county. Tried
below before BATES, J.

*Good & Good* and *M. B. Reese*, for plaintiff in error,
cited: *Jenkins v. Jeffrey*, 29 Pac. Rep. [Wyo.], 189; *Ran-
dolph County v. Ralls*, 18 Ill., 30; Wells, Jurisdiction, p.
48; 12 Am. & Eng. Ency. Law, pp. 299, 302, 303; 1
Boone, Code Pleading, sec. 259; Bispham, Equity, secs.
92, 138, 142, 143, 148; *Keech v. Sandford*, 1 White & T.
L. Cas., 62; Perry, Trusts, sec. 427; *Featherstonaugh v.
Fenwick*, 17 Ves. [Eng.], 298; *Johnson's Appeal*, 8 Atl.
Rep. [Pa.], 36; *Jenkins v. Doolittle*, 69 Ill., 415; *Baker
v. Disbrow*, 18 Hun [N. Y.], 29; *Baker's Appeal*, 13 Atl.
Rep. [Pa.], 494.

*George I. Wright, contra,* cited: Parsons, Contracts,
[7th ed.], ch. 13; *Second Nat. Bank of St. Louis v. Grand
Lodge*, 98 U. S., 123; Bishop, Contracts, sec. 318; Perry,
Trusts, secs. 2, 95.

RYAN, C.

On the 16th day of October, 1891, there was filed in the
office of the clerk of the district court of Saunders county

a transcript from a justice of the peace of said county. Afterwards a petition was filed, in which were the following averments, to-wit: That Joshua B. Davis died on August 23, 1889, leaving a will which was successfully contested; that while the contest was pending there was entered into, for the reasons therein recited, the following agreement:

"Articles of agreement, made by and between the Bankers Life Association of Des Moines, Iowa, party of the first part, and F. M. Stratton, executor named in the paper purporting to be the last will and testament of J. B. Davis, party of the second part, and Mary Davis Johnston, Munn Davis, Oscar K. Davis, and Harriet E. Davis, claiming to be the heirs of Harriet K. Davis, deceased, wife of the late J. B. Davis, deceased, parties of the third part, witnesseth:

" That whereas, the said J. B. Davis, deceased, was a member of the Bankers Life Association of Des Moines, Iowa, in good standing, and at the time of his decease held certificate number 5121 for $2,000; and whereas, the proper beneficiary in said certificate number 5121 is entitled to receive thereupon the full sum of $2,000, and the further sum of $52, guaranty fund, paid by said deceased member, J. B. Davis, which obligation the said Bankers Life Association of Des Moines, Iowa, fully and freely acknowledge and wishes now and at once to pay the same and to be discharged ; and whereas, doubts have arisen as to the proper party to whom payment should be made, the said Harriet K. Davis, wife of said J. B. Davis, deceased, having died before J. B. Davis, and the parties of the third part claiming the proceeds of said certificate by virtue of being heirs of said Harriet K. Davis, and the parties of the second part claiming the proceeds by virtue of the provisions of a paper purporting to be the last will and testament of said J. B. Davis, deceased:

" Now, therefore, it is mutually agreed by and between the aforenamed parties of the first, second, and third parts,

hereinabove named, that the Bankers Life Association of Des Moines, Iowa, shall pay over to the Honorable O. C. Tarpenning, county judge of Saunders county, Nebraska, the proceeds of said certificate, that is to say, the full sum of two thousand dollars ($2,000), and the further sum of fifty-two dollars ($52), guaranty fund, paid by said member, J. B. Davis, deceased, and the receipt therefor, hereto attached, shall operate as a full and complete acquittance and discharge of the Bankers Life Association from all further liability on said certificate number 5121 and release said association from all costs, liabilities, and other expenses of any kind or character whatsoever; and said amount so paid shall be held by said county judge in trust for the parties legally entitled thereto, and go as directed by the order and direction of the county court of Saunders county, Nebraska, having jurisdiction to hear and determine the proper direction of the proceeds of said certificate No. 5121.

"In testimony whereof, and for the purposes herein set forth, we have hereunto set our hands at Wahoo, Nebraska, on this 28th day of December, 1889.

"This contract executed and signed in duplicate.

"BANKERS LIFE ASSOCIATION OF
DES MOINES, IOWA,
"By JAMES W. McDILL,
" *Judicial Director.*

" F. M. STRATTON,

*"Executor named in the paper purporting to be the last will and testament of J. B. Davis, deceased.*

"MARY DAVIS JOHNSTON,
"MUNN DAVIS,
"OSCAR K. DAVIS,
"HARRIET E. DAVIS,
" *Heirs of Harriet K. Davis,*
"By GOOD & GOOD,
"*For said Heirs.*

"The above stipulation and agreement between the par-

ties therein named this day approved by me, December 28, 1889.                    O. C. TARPENNING,

"*County Judge Saunders County, Nebraska.*

"Received of the Bankers Life Association of Des Moines, Iowa, by the hands of James W. McDill, judicial director of said association, the full sum of two thousand dollars ($2,000), proceeds of said certificate No. 5121, and the further sum·of fifty-two dollars ($52), guaranty fund, paid by the member holding said certificate No. 5121, and hereby repaid to me, to be by me held and disposed of as in the stipulation and agreement hereto attached, to be by me distributed to the parties legally entitled thereto.

"Witness my hand at Wahoo, Nebraska, this 28th day day of December, A. D. 1889.    O. C. TARPENNING,

"*County Judge.*"

The petition averred that the defendant had paid over to the plaintiff the said sum of $2,052, but has ever refused, and still refuses, to pay anything more.    Plaintiff further averred that after the contest had been concluded, plaintiff was duly appointed and qualified as the administrator of Joshua B. Davis, and made other averments, which shall hereinafter receive attention.    There was a prayer for judgment in the sum of $172.64 and costs.    A demurrer was sustained to this petition.    One ground of this demurrer was that the petition did not state facts sufficient to constitute a cause of action.

It is argued by the plaintiff in error that the defendant, in respect to the funds intrusted to him, was a trustee and was, therefore, chargeable with interest, because a trustee cannot be permitted to profit himself by the use of trust funds in his hands.    The only allegations in the petition relative to this contention were in the following language : "That under and by virtue of said agreement the Bankers Life Association of Des Moines, Iowa, on the 28th day of December, 1889, paid into the hands of said defendant the said sum of $2,052 (being the proceeds of said certificate)

as such trustee; that on the 30th day of December, 1889, said defendant deposited the said trust fund of $2,052 in the First National Bank of Wahoo, Nebraska, to his own credit, and thereby converted the same to his own use and benefit and received the profits thereof, and continued to so use and receive the said money and profits until the 10th day of March, 1891, when plaintiff, having been appointed administrator of said estate, became and was entitled to receive said sum of money from the hands of said defendant, together with the interest and profits thereon accrued during the time the same had been so held and used by said defendant as aforesaid; and it became and was the duty of said defendant to pay over to plaintiff said sum of money and interest thereon, which, at the legal rate, was the sum of $172.64, making a total of $2,224.64 then due and owing to plaintiff from defendant." In general terms it was still further alleged that the defendant retained, and still retains, to his own use and benefit the sum of $172.64 of the money so converted and appropriated to his own use and benefit, and still refuses to pay said sum of money, although often requested so to do, to the plaintiff's damage in said sum of $172.64. There was no averment that the defendant had actually received any stated sum of interest or profit on account of the deposit of the fund intrusted to him for safe keeping. This was not a proceeding in equity to compel an accounting by a trustee, and for not alleging what amount was due from defendant, as in such case there was no excuse. Originally, this action was begun before a justice of the peace, and the analogies of the practice in equity have, therefore, no application. To fix the liability of the defendant in an action at law there should have been in the petition definite averments of such facts as would have rendered the defendant liable.

In respect to the deposit of the money in the bank there were allegations made apparently with the view of holding the defendant liable for a conversion. If this was the

theory upon which the petition was drawn, it should have contained averments of facts showing damage to plaintiff, and a showing that defendant had withheld profits derived from, and by reason of, such deposit, would have met this requirement. The averment that he deposited the money in a bank to his own credit and received the interest and profits thereon, without stating that in fact there was either interest or profit, fell short of disclosing a cause of action in plaintiff's favor. It seems, however, to have been assumed that an allegation that the defendant had converted the trust money to his own use by depositing it in a bank to his own credit, necessarily rendered him liable for interest—probably under the provisions of the statute. The charge that the money was converted to defendant's use was expressly qualified by the statement, in that connection, that such conversion resulted from the deposit made as above indicated. The money was intrusted to defendant to be held for, and paid over to, whomsoever should be adjudged entitled to receive it. The agreement authorizing this made no requirement that the trustee should do more than keep safely the money and pay it over when it should be ascertained to whom payment should be made. There would be no warrant in the agreement for limiting deposit of this money to the safe of the trustee, nor for a requirement that it should be carried about by him. He was to receive nothing for keeping it safely, and it seems to us that the inference that he had appropriated the money to his own use is not warranted by the mere fact that he made a deposit of it in a bank to his own credit. From the averments of the petition it seems that no complaint is made that the principal sum was not forthcoming as soon as the terms of the contract required the defendant to pay it over, and we can see no reason, under the allegations of the petition, why the defendant impliedly should be held liable for interest. As has already been stated, there is no direct allegation that any interest or profit had been received, much

less was there an attempt to fix the amount under either designation. For these reasons, if for no other, the petition failed to state a cause of action. The judgment of the district court is

AFFIRMED.